IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TSGT JOSHUA CALDWELL,                           )
Individually and as Administrator of the Estate )
Of Savannah Caldwell, et al.                    )
                                                )
                 Plaintiffs,                    )
                                                )
v.                                              )  CIVIL NO. 1:22-CV-00111-PTG-TCB
                                                )
UNITED STATES OF AMERICA                        )
                                                )
                 Respondents.                   )

ANSWER OF GUARDIAN AD LITEM

COMES NOW Bruce A. Levine, *Guardian ad Litem* for the minor statutory beneficiaries, B.C. and A.C., and states as follows:

1.      That he is familiar with the facts of this case as set forth in the pleadings in this matter.

2.      This matter arises out of what is a medical malpractice action filed pursuant to the Federal Tort Claims Act. Savannah Caldwell was the wife of Technical Sergeant (TSgt) Joshua Caldwell. At the time of the incident at issue, November 23, 2019, and currently, TSgt Joshua Caldwell was on active duty in the United States Air Force. His wife, Savannah Caldwell, was treated, and surgery was performed on her, at Ft. Belvoir Community Hospital. Fort Belvoir Community Hospital is a military hospital located in Ft. Belvoir, Virginia, and falls within the United States Department of Defense.

3.      Mr. Caldwell is currently on active duty in the United States Air Force and is stationed at Tinker Air Force Base in Oklahoma, where he lives with his two children.

4.      The allegations of fact in this matter are set out in detail in Plaintiff's Complaint. Briefly summarized, Savannah Caldwell was admitted into the emergency department of Ft. Belvoir Community Hospital for a gastrointestinal bleed.  As her general condition was worsening, a diagnostic procedure, an esophagogastroduodenoscopy (EGD) was performed. This is a procedure that allows the doctor to diagnose and treat the problem.

5.      During this procedure Savannah's condition worsened and became unstable. Savannah was moved to an operating room for further exploratory surgery.  This surgery revealed conditions which the doctors attempted to correct.  However, allegedly due to complications, such as rapid blood loss, the doctors were unable to help Ms. Caldwell. Further, Plaintiff alleged that cardiothoracic surgeons should have been called and were not called until too late.  As a result Ms. Caldwell passed away.

6.      Ms. Caldwell was 27 years old at the time of her death.

7.      As a result of this incident, Mr. Caldwell, as Administrator of Ms. Caldwell's estate, brought this action under the Federal Tort Claims Act pursuant to Virginia's Wrongful Death Act, Va. Code §8.01-50, *et. seq.*

8.      Pursuant to Va. Code § 8.01-53, Savannah Caldwell left three statutory beneficiaries: her husband and Administrator of her estate, Joshua Caldwell,  and her two minor children, B.C., now 5 years old, and A.C., now 12 years old.

9.       Liability is contested in this matter.  Defendant asserts that the doctors were not negligent.  Plaintiff and Defendant both obtained numerous expert witnesses to support their positions.  Further, Plaintiff obtained the expert services of an economist who prepared a report regarding the economic losses from Ms. Caldwell's death.

10.     Due to the highly contested liability of this matter, and the cost of proceeding with trial, the parties have agreed to a settlement. This matter was settled just prior to a mediation that was scheduled to take place before a Magistrate Judge.  The parties have agreed to resolve this matter for Nine Hundred Sixty Five Thousand Dollars ($965,000.00).

11.     Virginia has a medical malpractice cap which the *Guardian ad Litem* believes would apply in this circumstance.  The medical malpractice cap applicable to this matter is Two Million Four Hundred Thousand Dollars ($2,400,000.00).

12.     The proposed disbursement of the settlement funds includes the legal fees of $241,250.00. The legal fees are set by the Federal Tort Claims Act at 25% of the recovery.  Plaintiff's counsel is seeking to be reimbursed costs of $26,865.68.  The *Guardian ad Litem* was provided with an itemized breakdown of Plaintiff counsel's expenses. They do appear to be proper.

13.     The reminder, $696,884.32, is to be divided among the three statutory beneficiaries. The proposed distribution includes Joshua receiving $496,884.32 and each minor receiving $100,000.00.

14.     While not evenly divided, this proposed distribution does appear appropriate. As B.C. and A.C. are minors, the funds cannot go directly to them.  There funds must be held until each one turns 18 years of age.

15.     Mr. Caldwell will require the use of the funds available to him to help care for his children.  As set forth in the expert report of Bruce A. Seaman, Ph.D, the economist retained by the Plaintiff, Ms. Caldwell's death has resulted in an economic loss. These include, among other things, Ms. Caldwell's future lost wages and the loss of value of her household services.  These are now wages and services that fall on Mr. Caldwell to provide.

3

16.     Virginia Code §8.01-52(2) specifically provides for "[c]ompensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent[.]"

17.     The funds going to Mr. Caldwell will allow him the opportunity to use them for the care and support of his children.

18.     While Mr. Caldwell will be using his funds to help care of his children, he would like the funds distributed to his children to be placed in a college 529 savings account.  This is permitted pursuant to Va. Code §8.01-424(D)(2).  However, the funds must be placed with the Virginia College Savings Plan.  Mr. Caldwell told the *Guardian ad Litem* that he has opened Virginia College Savings Plan 529 accounts for each of his children and is waiting for confirmation of the creation of the accounts. It is anticipated that they will be finalized and available for funds to be deposited by the date of any hearing set in this matter.

19.     The statutory beneficiaries do not control the litigation.  Pursuant to Va. Code §8.01-50(C), the claim and any litigation is under the control and discretion of the Administrator of the estate.   However, statutory beneficiaries, including minor beneficiaries, are entitled to a distribution from the settlement based upon the damages itemized in Va. Code §8.01-52.

20.     Mr. Caldwell and the *Guardian ad Litem* discussed the facts of this case, the risks of trial versus settlement, the distribution of the funds, that fact that should the court approve this settlement that it is a full and final settlement which precludes any further action, as well as the placement of the funds for his children.  It appeared to the *Guardian ad Litem* that Mr. Caldwell understood the nature of the proceedings, the terms of the settlement, including the distribution to

his children. It does appear to the *Guardian ad Litem* that Mr. Caldwell does have the best interest of his children in mind.

21.     This is tragic incident that could have turned into much longer and costlier litigation.   Fortunately, this proposed settlement was reached. Based on all of the factors set forth above, this settlement and distribution does appear to be in the best interest of the minors.

WHEREFORE, these premises considered, the *Guardian ad Litem* files this Answer to the Petition for the Court Approval of a compromise settlement of a wrongful death claim.

*GUARDIAN ad LITEM*

Bruce A. Levine, VA Bar #31953
Holley & Levine, P.C.
10513 Judicial Drive
Suite 202
Fairfax, VA 22030
(703) 246-9494
(703) 246-9525 fax
blevine@handlpc.com